UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

---------------------------------------------------------- X
IN RE YASMIN AND YAZ : 3:09-md-02100-DRH-PMF
(DROSPIRENONE) MARKETING, SALES
PRACTICES AND RELEVANT PRODUCTS : MDL No. 2100
LIABILITY LITIGATION
 :
 : Judge David R. Herndon
----------------------------------------------------------
CHRISTINE KEMPTER, : ORDER

        Plaintiff : Civil Action No.: 3:09-CV-10049
vs.
 :
BAYER CORPORATION
et al. :

 :
        Defendants.
---------------------------------------------------------- X

**ORDER**

This matter comes before the Court for case management. On May 20, 2010, a Stipulation of Dismissal Without Prejudice was docketed in this member action. (3:09-cv-10049 Doc. 38). As a result, the Court closed this member action on May 21, 2010. (3:09-cv-10049 Doc. 38). The Court has learned that the parties did not stipulate to a dismissal of *this* member action (3:09-cv-10049). Rather, the Stipulation of Dismissal (3:09-cv-10049 Doc. 38) erroneously identifies this member action in the caption and does not reflect the intention of the parties.

Federal Rule of Civil Procedure 60(a) provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or

omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." Fed. Rule Civ. Proc. 60(a). Rule 60(a) is properly employed to correct "blunders in execution" as opposed to "instances where the court *changes its mind.*" *In re Walter* 282 F.3d 434, 440-441 (6th Cir. 2002)(citation omitted) (emphasis in original). The relevant inquiry is one of intent. *See e.g., Vaughter v. Eastern Air Lines, Inc.,* 817 F.2d 685, 689 (11th Cir.1987*).*

Relief under Rule 60(a) is not limited to mistakes committed by the clerk; the Rule applies to mistakes by the court and the parties as well. *See e.g., Day v. McDonough,* 547 U.S. 198, 210 (2006) (if the court detects a computation error made by a party, Rule 60(a) is an appropriate vehicle for correcting that mistake); *Whitaker v. Associated Credit Services, Inc.,* 946 F.2d 1222 (6th Cir.1991) (district court entered judgment for $500,000 based on the notice of acceptance of settlement offer filed by the plaintiff; the appellate court held that modification of the court's entry of judgment was proper under either Rule 60(a) or 60(b) where defendant intended to transmit a settlement offer for $500.00 but inadvertently transmitted an offer to the plaintiffs for $500,000).

In the instant case, Plaintiff inadvertently docketed a stipulation of dismissal in the wrong member action and as a result, the case was closed. The Court finds that Rule 60(a) is an appropriate means

for correcting this error.  Accordingly, the Court hereby **VACATES** its Notice closing this member action (3:09-cv-10049 Doc. 40) and **STRIKES** the Stipulation of Dismissal (3:09-cv-10049 Doc. 38).  The Court further **DIRECTS** the Clerk of the Court to re-open this member action.

This Order does not change the status of the Amended Complaint (3:09-cv-10049 Doc. 41) that was stricken by the Clerk of the Court on May 25, 2010 (3:09-cv-10049 Doc. 42).  If Plaintiff intends to amend her Complaint the Amended Complaint must be re-filed with the Court in accord with Federal Rule of Civil Procedure 15, the local rules of this Court, and/or Case Management Order Number 17 (MDL 2100 Doc. 1166).

**IT IS SO ORDERED**

/s/     David R Herndon

DATE:  May 26, 2010

Chief Judge
United States District
Southern District of Illinois